JOHN W. PRICE, APPELLANT, vs. GEO. L. METSGER ET AL., APPELLEES.

1. P. filed a bill to foreclose a mortgage for $1,000 executed by M. on land in range 35, alleging that S. purchased the land subject to the mortgage. Bill was taken as confessed against M., but S. pleaded that M. had a homestead claim on land in range 36, and under act of Congress afterward entered and paid for it and obtained the receiver's certificate, and then conveyed free of incumbrance to S.—S. not denying that he had purchased the mortgaged land subject to the mortgage lien, answers that by an agreement between P. and M. the mortgage was given to secure P. for certain legal services, and that if he was unsuccessful the amount to be paid should be $500 only, and that he was unsuccessful. The cause having been heard upon these pleadings the court held the plea good and dismissed the bill. Such decree was erroneous. The plea sets up nothing in bar as to the land in range 35, and the answer admits that the mortgage was a lien thereon to the amount of at least $500.

2. If S. has no interest in the land mortgaged he cannot set up a defence as to the mortgage debt as it does not concern him.

Appeal from the Circuit Court for Brevard county.

Appellant filed his bill in chancery to foreclose a mortgage executed by Mitsger on the 12th day of April, 1881, on land in Brevard county described as lots five and six and north half of southeast quarter of section one, township twenty-two, of range thirty-five, containing 169.78-100 acres to secure payment of a note for one thousand dollars given by Metsger to Price, due in one year. After the giving of the note and mortgage it is alleged Metsger sold and conveyed the land to Sackett subject to the lien of the mortgage. Metsger having becomed a non-resident of the State, notice was given by publication, and a decree *pro confesso* was entered against him.

Defendant Sackett, by plea and answer, says: That he admits the giving by Metsger of the note and mortgage set out in the bill, but says the note was executed to secure Price for professional services in the defence of one Morris Metsger indicted for murder, and it was expressly agreed between Price and Metsger, that in case said Morris should be acquitted of the charge, Price should receive the sum of one thousand dollars, but if Morris was convicted, Price should receive but five hundred dollars for his said services. That Morris was convicted and hung for the crime, wherefore he insists that Price was entitled to receive only the sum of five hundred dollars.

Sackett further says that the said Metsger had entered under the homestead laws of Congress lots five and six, and the north half of the southwest quarter of section one, in township twenty-two, of range thirty-six, containing about 146.90-100 acres, and on the 12th day of August, 1881, Metsger paid for the land, at the land office, and received the receiver's certificate therefor, and on the 22d day of August, 1881, sold and conveyed the same to defendant, Sackett, and defendant insists that under the

laws of the United States land entered as a homestead cannot be subjected to the satisfaction of any debt contracted prior to the issuing of a patent therefor. R. S. of U. S., 2,296.

Complainants excepted to the answer as insufficient, and showing no defence to the bill, and afterward the cause was heard upon the bill and the plea of Sackett, and the Chancellor decreed that the plea was a good plea to complainant's bill, and that the bill be dismissed. From this decree complainant appeals.

*John W. Price* in *pro per.*

*Scott & Thrasher* for Appellees.

THE CHIEF-JUSTICE delivered the opinion of the court.

The bill shows, and the plea and answer admit the execution of the note and mortgage by Metsger, which mortgage conveyed to complainant certain lands in township twenty-two, of range *thirty-five* in Brevard county, being 169.78-100 acres. A decree *pro confesso* was entered, after notice by publication as to Metsger, the mortgagor. The bill charges that after the execution of the mortgage, Metsger conveyed this land to Sackett, subject to the lien of the mortgage.

The plea and answer of Sackett do not deny that the mortgaged land was conveyed by Metsger to Sackett, subject to the mortgage lien ; but aver that by the agreement between Metsger and complainant the note and mortgage were given to secure payment for the complainant's professional services as a lawyer for defending Morris Metsger, and that the compensation was to be but five hundred dollars in case Morris was convicted of murder in the first degree, and that Morris was not acquitted, but was convicted and hung.

The defendant, Sackett, alleges by plea that he purchased of Metsger another parcel of land in township twenty-two and range *thirty-six*, containing 146.90-100 acres, which Metsger had entered as a homestead, and afterwards purchased from the United States. This is not the same land described in the mortgage, nor is it anywhere alleged in the pleadings to be the same land intended to be mortgaged. The defendants' plea, therefore, relating to the homestead land in range thirty-six, sets up no matter of defence to the bill.

If the defendant, Sackett, was, as the bill alleges, the purchaser of the mortgaged land, subject to the lien of the mortgage, such land is chargeable, at least to the extent of the five hundred dollars which Sackett says was the amount due to complainant. If Sackett was not the purchaser of the mortgaged land, he has no standing entitling him to plead that the whole amount of the mortgage debt is not due from Metsger, as it does not concern him.

There having been no plea or answer showing any fact going to defeat the foreclosure of the mortgage upon the land in range thirty-five, it is plain that the decree that the plea was a good plea, and that the bill therefore be dismissed, must have been produced by a misapprehension in respect to the pleadings.

In the present state of the pleadings, the other questions presented by counsel are not involved in the case.

The decree is reversed.